UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SYLVIA HERNANDEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-08-33 |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On March 13, 2008, the Court held an initial pretrial and scheduling conference in the above-styled action. At that hearing, the Court ORDERED as follows:

I. **Order re: Plaintiffs' First Amended Complaint**

Plaintiffs Juan Velasco, Loretta Velasco and Sylvia Hernandez (hereinafter, "Plaintiffs") are hereby ORDERED to amend their First Amended Complaint (D.E. 7) to remove all references to any alleged "inappropriate" relationship between current or former Texas Department of Transportation (hereinafter, "TXDOT") personnel.[1] The individuals identified in Plaintiffs' First Amended Complaint as having an alleged "inappropriate" relationship are not Plaintiffs in this action, and Plaintiffs are admonished for placing such unsubstantiated and inflammatory allegations regarding these individuals in the public record. The Court will SEAL Plaintiffs' First Amended Complaint (D.E. 7) so as to prevent further dissemination of Plaintiffs' allegations regarding an inappropriate relationship between TXDOT personnel.

---

[1] See, e.g., Plaintiffs' Amended Complaint, D.E. 7, at p. 7, ¶ 26, describing an alleged inappropriate relationship between TXDOT employees. Plaintiffs have placed the full names of these employees in the public record.

II.     **Order re: Defendant Annirene Liberto's Motion to Dismiss**

Defendant Annirene Liberto's motion to dismiss (D.E. 12) under Federal Rule of Civil Procedure 12(b)(6) is hereby GRANTED.

In their First Amended Complaint, Plaintiffs bring the following claims against Defendant Liberto, in her individual capacity: (1) discrimination and retaliation in violation of 42 U.S.C. § 1981; and (2) violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution.  Plaintiffs do not bring either of these claims through 42 U.S.C. § 1983.  (Amended Complaint, ¶¶ 58-65, making no reference to Section 1983).  Rather, the only citation to 42 U.S.C. § 1983 in Plaintiffs' entire First Amended Complaint is in the section alleging federal jurisdiction over the case.  (Id., ¶ 7, stating that "[j]urisdiction is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1343, and 42 U.S.C. § 1983.").

Both Plaintiffs' Section 1981 claims and equal protection claims must be brought under Section 1983.  See Felton v. Polles, 315 F.3d 470, 481-82 (5th Cir. 2002) (abrogated on other grounds) (holding that in order to pursue a Section 1981 claim against a state actor[2], even a state actor sued in their individual capacity, a plaintiff must proceed through Section 1983); see also Berger v. City of New Orleans, 2001 WL 66318, at *1 (E.D. La. Jan. 26, 2001) (internal citations omitted) (emphasis added) ("The Fifth Circuit is reluctant to find causes of action that arise directly under the Constitution. ... when Congress has provided an adequate alternative remedial scheme like Section 1983, which is intended to substitute for direct recovery under the

---

[2]Ms. Liberto is a state actor in this case, as Plaintiffs allege that during the time in question, Ms. Liberto served as the "managing agent" of the Corpus Christi District of TXDOT. (Amended Complaint, ¶ 6).  See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 935 n. 18, 102 S.Ct. 2744, 73 L.Ed. 482 (1982) ("state employment is generally sufficient to render the defendant a state actor").

Constitution, a direct action is not available. ...  *Section 1983 is the proper vehicle for raising such constitutional claims*").

Plaintiffs in this case did not bring their claims against Defendant Liberto under Section 1983.[3]  Because Plaintiffs failed to bring their Section 1981 and equal protection claims through Section 1983, as to Ms. Liberto Plaintiffs have failed to state a claim upon which relief can be granted.  Accordingly, Ms. Liberto's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.E. 12) is GRANTED.  Plaintiffs' claims against Ms. Liberto are hereby DISMISSED without prejudice, and Ms. Liberto is hereby DISMISSED from this litigation.[4]

III.     **Order re: Potential Attorney's Fees for TXDOT**

At the hearing before the Court, TXDOT indicated that it intends to file a motion to dismiss Plaintiffs' Section 1981 claims against TXDOT, on the grounds of Eleventh Amendment immunity.  Based upon this information, the Court gave Plaintiffs' counsel an opportunity to voluntarily dismiss Plaintiffs' Section 1981 claims against TXDOT.  Plaintiffs' counsel did not avail herself of the opportunity to voluntarily dismiss, and the Court warned Plaintiffs that the

---

[3]At the hearing before the Court, Plaintiffs' counsel argued that the single reference to Section 1983 in the jurisdictional section of the Amended Complaint somehow transformed Plaintiffs' claims into claims brought under Section 1983.  This is not the case.  Plaintiffs most certainly do not bring their claims against Ms. Liberto through Section 1983, rather, Plaintiffs make no reference at all to Section 1983 in their claims against Ms. Liberto. (Amended Complaint, ¶¶ 58-65).

[4]There was some confusion at the hearing over whether Plaintiffs intended to bring a Title VII claim against Ms. Liberto.  Plaintiffs clarified that they do not bring a Title VII claim against Ms. Liberto in this case.  At the hearing, Plaintiffs also clarified that in their Amended Complaint, they do not bring a cause of action against any party for a "name clearing hearing" under the Fourteenth Amendment to the United States Constitution.

Court would consider awarding attorney's fees to TXDOT for the cost of defending against the Section 1981 claims.

SIGNED and ORDERED this 14th day of March, 2008.

*Janis Graham Jack*
Janis Graham Jack
United States District Judge