UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SYLVIA HERNANDEZ, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. C-08-33 |
| § | |
| TEXAS DEPARTMENT OF § | |
| TRANSPORTATION, *et al*, § | |
| § | |
| Defendants. § | |

# ORDER

On this day came on to be considered Defendant Texas Department of Transportation's (hereinafter, "TXDOT") Rule 12(b)(6) motion to dismiss certain claims in Plaintiffs' First Amended Complaint (D.E. 18, seeking dismissal of claims in D.E. 7). TXDOT's motion to dismiss is MOOT, since Plaintiffs have amended their First Amended Complaint and voluntarily dismissed the claims that TXDOT seeks to dismiss. In their Second Amended Complaint, Plaintiffs only bring claims against TXDOT for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. To the extent there is any ambiguity in Plaintiffs' Second Amended Complaint, the Court hereby determines that Plaintiffs do not bring any claims against TXDOT for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), or under 42 U.S.C. § 1981.[1]

---

[1] To the extent Plaintiffs sought to bring any claims against TXDOT under Title I of the ADA, such claims would be barred by the Eleventh Amendment to the United States Constitution. See Bennett-Nelson v. Louisiana Bd. of Regents, 431 F.3d 448, 454 (5th Cir. 2005); Pace v. Bogalusa City Sch. Bd., 403 F.3d 272, 283 (5th Cir. 2005). Accordingly, the Court will not construe any of Plaintiffs' allegations in their Second Amended Complaint as

SIGNED and ORDERED this 24th day of March, 2008.

_____
Janis Graham Jack
United States District Judge

---

claims under the ADA against TXDOT.  This includes, but is not limited to, claims regarding Plaintiff Sylvia Hernandez' health, as well as Plaintiff Juan Velasco's claims regarding disparate treatment.